IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 DEC 27  A 10: 55

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| GRACE L MOORE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Civil Action Number: CV- 2:06-CV-1144-MHT |
| | ) |
| CNA FOUNDATION, | ) |
| | ) |
| DEFENDANTS. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Continental Casualty Company (hereinafter "Defendant") improperly identified in Plaintiff's Complaint as CNA Foundation files this Notice of Removal of this action from the Circuit Court of Montgomery County, Alabama, where it is now pending as CV-06-2937, to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto the Court as follows[1]:

1.  The plaintiff commenced this action on or about November 17, 2006, by the filing of the Summons and Complaint in the Circuit Court of Montgomery County, Alabama.

2.  Based upon information and belief, plaintiff Grace L. Moore ("Plaintiff") is now, and was at the time of the filing of the Complaint and all times intervening, a resident citizen of the State of Alabama.

3.  Defendant Continental Casualty Company is now, was at the time of the filing of the Complaint and at all times intervening, a company organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

---

[1] Defendants file this Notice of Removal without waiving any and all applicable defenses.

4. Defendant Continental Casualty Company was served on or about November 27, 2006 with a copy of the Summons and Complaint, which was the first notice to Defendant of the filing of the Summons and Complaint. Accordingly, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446 (b).

5. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, the diversity jurisdiction statute. Complete diversity of citizenship exists between all proper parties to this action and the amount in controversy exceeds $75,000.00. Thus, this action is removable pursuant to 28 U.S.C. § 1441 (a).

6. Plaintiff's Complaint alleges defendant is guilty of outrage, fraud, misrepresentation, deceit, conspiracy, and intentional infliction of emotional distress as a result of allegedly refusing to provide medical benefits for a work related injury. See generally Complaint. This is an action where plaintiff seeks unlimited damages, including compensatory and punitive damages, including damages for severe emotional and mental anguish. Id. Plaintiff alleges Defendant has engaged in extreme conduct.

7. Based upon plaintiff's Complaint and given prior exemplary damages awards in other Alabama cases containing comparable allegations, a potential damages award in this action could easily exceed $75,000.00 causing the amount in controversy to exceed the jurisdictional amount. A potential award of punitive damages against a defendant is included in determining the amount in controversy if such punitive damages are recoverable under governing law. See, e.g., Bell v. Preferred Life Assurance Soc. Of Montgomery, Ala., 320 U.S. 238, 240 (1943); Holley Equip. Co. v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987); see also Lowe's Ok'd Used Cards, Inc. v. Acceptance Ins. Co., 995 F. Supp. 1388 (M.D. Ala. 1998). Because Alabama juries routinely award punitive damages in insurance fraud and outrage cases

in amounts exceeding $75,000, the amount in controversy in this case unquestionably exceeds $75,000 as required under 28 U.S.C. § 1332. See, e.g., Liberty Nat'l Life Ins. Co. v. McAllister, 675 So. 2d 1292 (Ala. 1995); Foster v. Life Insurance Co. of Georgia, 656 So. 2d 333 (Ala. 1994); Travelers Indemnity Company of Illinois v. Griner, 809 So. 2d 808 (Ala. 2001); National Security Life Insurance Co. v. Crocker, 709 So. 2d 1118 (Ala. 1997); Youngblood v. Lawyers Title Ins. Corp., 923 F. 2d 161 (11th Cir. 1991). Accordingly, based upon other awards in Alabama courts in actions with comparable allegations, the amount in controversy exceeds $75,000.00 exclusive of interest and costs, especially considering the plaintiff's allegations that she is entitled to damages for outrage and mental anguish and emotional distress

8. This action is being removed to the United States District for the district and division embracing the place where this action is pending.

9. A copy of this Notice is being served on plaintiff and filed with the Clerk of the Circuit Court of Montgomery County, Alabama, as provided by law.

10. A copy of all the process and pleadings served upon Defendant in this cause of action is attached hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant Continental Casualty Company prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to effect the removal of this cause from said Circuit Court of Montgomery County, Alabama, to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

/s/ Brandy R. Owens
_____
One of the Attorneys for Defendant
Continental Casualty Company

OF COUNSEL:
M. Christian King (KIN017)
Brandy R. Owens (OWE033)
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of Deceember, 2006, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Jonna M. Denson, Esq.
HENINGER GARRISON DAVIS, LLC
Post Office Box 11310
Birmingham, Alabama 35202

_____
Of Counsel

5

# EXHIBIT 1

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

GRACE L. MOORE, )
)
      PLAINTIFF, )
)
V. ) CIVIL ACTION: CV-06-2006-2937 J-H
)
CNA FOUNDATION, ) REC'D NOV 27 2006
)
      Defendants. )

Defendant number 1 being the proper legal designation of the entity known as CNA FOUNDATION; Defendant number 2 being that entity which was responsible for the medical treatment for the workmen's compensation benefits made the basis of this suit; Defendant number 3 being that entity which is responsible for refusing the medical attention and treatment described in the Complaint; all of whose true and correct names are otherwise unknown to Plaintiff at this time but will be added by amendment when properly ascertained.

## SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:    **CNA FOUNDATION**
                  **Reg. Agent: Jonathan D. Kantor**
                  **333 S. Wabash CNA Plaza**
                  **Chicago, IL 60685**

The Complaint with Interrogatories and Request for Production of Documents, which are attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to: **Jonna M. Denson, Attorney for Plaintiff, HENINGER GARRISON DAVIS, LLC, P. O. Box 11310, Birmingham, Alabama 35202 (205) 326-3336.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                            _/s/ Melissa Rittenour_
                                            CLERK OF COURT

DATED: 11/21/06

EXHIBIT 1

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| GRACE L. MOORE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | )   CIVIL ACTION: CV-06-_____ |
| | ) |
| CNA FOUNDATION, | ) |
| | ) |
| Defendants. | ) |

Defendant number 1 being the proper legal designation of the entity known as CNA FOUNDATION; Defendant number 2 being that entity which was responsible for the medical treatment for the workmen's compensation benefits made the basis of this suit; Defendant number 3 being that entity which is responsible for refusing the medical attention and treatment described in the Complaint; all of whose true and correct names are otherwise unknown to Plaintiff at this time but will be added by amendment when properly ascertained.

## COMPLAINT

### COUNT I - OUTRAGE

1. Plaintiff suffered an on-the-job and work related injury while employed at Coastal Industries, Inc. in June, 1986. Plaintiff had a workmen's compensation suit which was concluded and her medical benefits were left open for life as required by Alabama law. Plaintiff has required extensive medical care and treatment for the injuries she sustained in 1986 as described above.

2. Despite knowing of Plaintiff's continued medical problems which originated from the work related injury and despite knowing of their lifetime obligation to provide and pay for all reasonable and necessary care for these problems, Defendants have engaged in outrageous conduct by refusing to authorize and pay for necessary and reasonable medical treatment for Plaintiff. Defendants have engaged in this course of conduct in flagrant and knowing violation of their legal obligation and in an effort to cause suffering and mental anguish on the part of Plaintiff so she might

1

settle her future medical benefits. The Defendants have acted in an outrageous manner with the intentional or reckless effort to relieve themselves of monetary responsibility for Plaintiff's reasonable and necessary medical care and, in the hopes, that this would so frustrate and affect the Plaintiff's physical and emotional status, that she would enter into a settlement for her future medical benefits. As a proximate consequence of Defendants' conduct, Plaintiff has been caused to go without reasonable and necessary medical care and treatment by an authorized physician and she has been caused to suffer severe physical pain and emotional distress.

3. Plaintiff further avers that Defendants have acted in an intentional and/or reckless misconduct of an outrageous character and in violation of their known legal obligations to provide and pay for Plaintiff's reasonable and necessary medical care. Defendants were aware of Plaintiff's physical and emotional need for these treatments and of her precarious position because of this condition. Defendants set out to harm Plaintiff by withholding approval and payment for Plaintiff's care so that they could save money and influence Plaintiff to force her or cause her to settle her medical benefits under duress. As a proximate consequence thereof, Plaintiff was caused to suffer severe physical pain and emotional anguish.

## COUNT II- FRAUD, MISREPRESENTATION AND DECEIT

4. Plaintiff further avers that Defendants have engaged in fraud, misrepresentation and deceit in an effort to conceal their activities to frustrate and affect the Plaintiff's physical and emotional status, to achieve the termination of Plaintiff's medical benefits to their benefit and to the detriment of Plaintiff. Defendants sought to coerce Plaintiff into agreeing to settle her medical benefits in November 1997. Upon the retirement of Plaintiff's authorized physician in 2005, despite Plaintiff's numerous requests, Defendants delayed finding Plaintiff a pain management physician

-2-

as recommended by authorized physician Dr. Edward Palmer. Defendants have intentionally, recklessly or negligently engaged in fraud, misrepresentation and deceit in an effort to conceal their true actions to make it appear as if they were having difficulty in finding a pain management physician. In addition, for some time, instead of finding Plaintiff an authorized physician, they chose to only pay for medications prescribed by Plaintiff's family physician that were required to medicate Plaintiff for her work injuries. Medicare picked up the cost of the office visits to Plaintiff's family physician and Plaintiff had to pay copays. Later the Defendants even stopped paying for the medications, causing Medicare to pick up the cost for the medications.

Plaintiff further avers that Defendants fraudulently and deceitfully engaged in a scheme to avoid their contractual obligations owed to Plaintiff to provide medical benefits for her work injury.

As a proximate consequence of the conduct described above, Plaintiff was caused to suffer economic loss and damages as a result of this scheme and was caused to suffer emotional and mental anguish.

## COUNT III - CIVIL CONSPIRACY

5. Plaintiff further avers that Defendants joined and acted in a civil conspiracy to cause or allow each of the separate counts and allegations set forth above to occur. As a proximate consequence thereof, Plaintiff was injured and damaged as set forth above.

## COUNT IV- INTENTIONAL INFLICTION OF MENTAL ANGUISH

6. Plaintiff further avers that Defendants have engaged in the intentional infliction of mental distress in an effort to place Plaintiff in a position of mental and emotional weakness so that Defendants could take advantage of her condition to their benefit and her detriment. As a proximate consequence thereof, Plaintiff has been caused to suffer severe mental anguish and physical

-3-

symptoms and injuries.

WHEREFORE, Plaintiff demands judgment against Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

/s/ Jonna M. Denson
JONNA M. DENSON [DEN-025]
Attorney for Plaintiff

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [HEN-007]
Attorney for Plaintiff

**OF COUNSEL:**

HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, AL 35203
ph. (205) 326-3336
fax (205) 326-3332

### JURY DEMAND

Plaintiff demands trial by struck jury on all issues raised herein.

/s/ Jonna M. Denson
JONNA M. DENSON [DEN-025]
Attorney for Plaintiff

-4-

**Plaintiff's Address:**

2699 High Street
Selma, AL 36701


**Serve Defendants:** (To be Served Via Certified Mail)

CNA FOUNDATION
Reg. Agent: Jonathan D. Kantor
333 S. Wabash CNA Plaza
Chicago, IL 60685

-5-

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

GRACE L. MOORE, )
)
      PLAINTIFF, )
)
V. )    CIVIL ACTION: CV-06-2937
)
CNA FOUNDATION, )
)
      Defendants. )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

COMES NOW the Plaintiff in the above-styled cause and pursuant to Rule 34 of the Alabama Rules of Civil Procedure, request Defendants, separately and severally, to produce and permit inspection and/or copying of the following documents and things by producing them at the offices of counsel for Plaintiff within the time and manner prescribed by law:

1. All claims files regarding the workmen's compensation claim for Plaintiff made the basis of this suit. Claim #23292084.

2. All internal memos, notes, correspondence, e-mails, computer entries or materials of any description regarding Plaintiff, Grace Moore, in any manner.

3. All medical records, bills, payments for medical services for Grace Moore.

4. All periodic reserve estimates for future medical benefits for Grace Moore regarding her workmen's compensation injury made the basis of this suit.

5. All activity logs, diaries, computerized activity entries regarding the workmen's compensation claim and medical benefits in any manner.

6. All claims manuals, guidelines, policies and procedures (whether electronic or in paper form) regarding the handling of claims for future medical benefits under workmen's compensation claims such as the one made the basis of this suit.

7. All internal memos, notes, or materials of any description discussing the tort of outrage in workmen's compensation claims.

8. All internal memos, notes, or materials of any description discussing how to avoid liability for the tort of outrage or procedures and steps to stay within the legal obligations for medical benefits.

9. All photographs, videotapes or reports of surveillance regarding Grace Moore.

10. All materials relied upon to deny or refuse the benefits made the basis of this suit.

_____
JONNA M. DENSON [DEN-025]
Attorney for Plaintiff

**OF COUNSEL:**

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, Alabama 35202
Telephone:  (205) 326-3336
Facsimile:   (205) 326-3332

**TO BE FILED WITH SUMMONS & COMPLAINT**