IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GRACE L MOORE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action Number: ev-2:06cv-1144-MHT |
| ) | |
| CNA FOUNDATION, ) | |
| ) | |
| DEFENDANTS. ) | |

RECEIVED
2006 DEC 27 A 10:55
P. HACKETT, CLK
DISTRICT COURT
MIDDLE DISTRICT ALA

## ANSWER OF DEFENDANT CONTINENTAL CASUALTY COMPANY TO PLAINTIFF'S COMPLAINT

Defendant Continental Casualty Company ("Defendant") improperly identified in plaintiff's Complaint as CNA Foundation, responds to plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant is not guilty of the matters and things alleged in the Complaint.

### THIRD DEFENSE

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Defendant denies that it breached any contract with plaintiff.

### FIFTH DEFENSE

Venue as to this action is improper, or in the alternative may be more appropriate in another forum.

## SIXTH DEFENSE

The injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom Defendant owes no legal responsibility.

## SEVENTH DEFENSE

Defendant denies that the plaintiff was injured or harmed in any way by any alleged act or omission by Defendant or its agents.

## EIGHTH DEFENSE

Defendant avers that the plaintiff's claims are barred by the applicable statute of limitations, res judicata, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release and/or estoppel.

## NINTH DEFENSE

Defendant denies that its conduct, or the conduct of any of its agents or employees, was negligent or wanton.

## TENTH DEFENSE

Defendant denies that it or any of its agents breached any duty or obligation allegedly owed to the plaintiff or that it or any of its agents misrepresented any material fact to the plaintiff or that it or any of its agents have omitted to state any material fact to the plaintiff. To the extent plaintiff's Complaint attempts to state a claim for fraud, the complaint fails to comply with Rule 9 of the Federal Rules of Civil Procedure, and does not give sufficient notice of the circumstances surrounding any alleged fraud.

## ELEVENTH DEFENSE

Defendant denies that the plaintiff reasonably relied upon any alleged misrepresentation or omission by Defendant or its agents, or that the plaintiff was damaged as the proximate result of any alleged misrepresentation or omission.

## TWELFTH DEFENSE

Plaintiffs have failed to plead fraud with particularity as required by Rule 9(b) of the Alabama Rules of Civil Procedure, and the Complaint does not give sufficient notice of the circumstances surrounding the alleged fraud.

## THIRTEENTH DEFENSE

Defendant denies that it or any of its agents or employees, acted in an extreme and outrageous manner or engaged in outrageous conduct.

## FOURTEENTH DEFENSE

Defendant avers that Alabama Code §6-11-21 applies to any award of punitive damages in this case and raises any and all defenses available to it under the 1999 amendment to the same.

## FIFTEENTH DEFENSE

Defendant cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant pursuant to Ala. Code § 6-11-27 (Supp. 1991).

## SIXTEENTH DEFENSE

The Complaint fails to state any claim for which damages for mental anguish, emotional distress, pain and suffering, embarrassment or humiliation can be awarded.

## SEVENTEENTH DEFENSE

The imposition of damages for mental anguish (or damages for emotional distress, pain and suffering, embarrassment or humiliation) in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an

award of such damages made in the absence of explicit, particularized guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. An award of such damages in the absence of explicit, particularized guidelines or standards will bear no rational or reasonably relationship to any alleged harm to plaintiff. An award of such damages in the absence of explicit, particularized guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

### EIGHTEENTH DEFENSE

Plaintiff cannot recover damages for emotional distress, pain and suffering, embarrassment or humiliation, because there are absolutely no meaningful, fixed, objective and/or clear and consistent standards or limits under Alabama law for determining the amount of such an award. Any award of such damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibits deprivations of life, liberty or property, except by due process of law.

### NINETEENTH DEFENSE

A jury award of mental anguish damages in this case will violate the due process and equal protection rights guaranteed to the Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### TWENTIETH DEFENSE

The Complaint fails to state a claim for which punitive damages can be recovered.

### TWENTY-FIRST DEFENSE

The claims of plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for

determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### TWENTY-SECOND DEFENSE

The claims of plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### TWENTY-THIRD DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

### TWENTY-FOURTH DEFENSE

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

### TWENTY-FIFTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

### TWENTY-SIXTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

### TWENTY-SEVENTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Defendant's alleged conduct in this matter or to any alleged harm to plaintiff, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

### TWENTY-EIGHTH DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, Code of Alabama regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### TWENTY-NINTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to this Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### THIRTIETH DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based

upon an Alabama state-enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon the defendant's status as a large, out-of-state, corporate entity.

### THIRTY-FIRST DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, or vicarious liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### THIRTY-THIRD DEFENSE

Defendant reserves the right to amend its Answer to add additional defenses and/or averments as additional information becomes available.

### AND BY WAY OF FURTHER ANSWER

Defendant responds to the individually numbered paragraphs in the Complaint as follows:

1. Defendant admits that plaintiff suffered injury while employed at Coastal Industries, Inc. Defendant admits that it was the workers' compensation insurance carrier for this employer. Defendant denies the remaining allegations of paragraph one of plaintiff's Complaint.

2. Defendant denies the allegations of paragraph two of plaintiff's Complaint.

3. Defendant denies the allegations in paragraph three of plaintiff's Complaint.

4. Defendant denies the allegations in paragraph four of plaintiff's Complaint.

5. Defendant denies the allegations in paragraph five of plaintiff's Complaint.

6. Defendant denies the allegations in paragraph six of plaintiff's Complaint.

In response to the unnumbered paragraph, Defendant denies that the plaintiff is entitled to damages.

## CERTIFICATE OF SERVICE

      This is to certify that on this 22<u>nd</u> day of <u>Deceember</u>, 2006, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

    Jonna M. Denson, Esq.
    HENINGER GARRISON DAVIS, LLC
    Post Office Box 11310
    Birmingham, Alabama 35202

_____
Of Counsel

/s/ Brandy R. Owens
One of the Attorneys for Defendant
Continental Casualty Company

OF COUNSEL:
M. Christian King (KIN017)
Brandy R. Owens (OWE033)
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (facsimile)