## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| GRACE L. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | 2:06-CV-1144-MHT |
| CNA FOUNDATION, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT OF PARTIES' PLANNING MEETING

**I.    Planning Meeting.**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on January 18, 2006 via teleconference attended by: (A) Jonna M. Denson for Plaintiff Grace Moore, and (B) Brandy R. Owens for Defendant Continental Casualty Company. (In her Complaint, the Plaintiff identified the Defendant as CNA Foundation.)

**II.    Pre-discovery Disclosures.**

The Parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26 (a)(1) by February 5, 2007. Each Party shall have a continuing duty to voluntarily, without request, supplement the initial disclosure within thirty (30) days of learning of any new information for the disclosure, so that all discovery may occur within the time periods described herein. The initial disclosures shall contain all items listed at Fed. R. Civ. P. 26 (a)(1)(A)-(D). The initial disclosures shall also contain the following: (E) The factual basis of the claim or defense, and in the event of multiple claims or defenses, the factual basis for each claim or defense; (F) The legal theory upon which each claim or defense is based including, where necessary for a reasonable understanding of the claim or defense, citations to pertinent legal or case authorities; and (G) The

names and addresses of all persons who have given statements, whether written or recorded, signed or unsigned, and the custodian of the copies of those statements.

**III.    Discovery Plan.**

The Parties jointly propose to the Court the following discovery plan:

A.    DISCOVERY NEEDED ON THE FOLLOWING SUBJECTS:

(i)    The allegations in Plaintiff's complaint;

(ii)    The defenses set forth in the Answer;

(iii)    The Plaintiff's claimed injuries and damages.

B.    PROPOSED SCHEDULE: The Parties propose that all discovery shall be commenced in time to be completed no later than ninety (90) days before trial or September 1, 2007, whichever is later.

C.    WRITTEN DISCOVERY.  The Parties agree to a maximum of 40 (counting sub-parts) interrogatories by each Party, a maximum of 40 (counting sub-parts) requests for production of documents by each Party, and a maximum of 30 (counting sub-parts) requests for admission by each Party.  Responses are to be due thirty (30) days after service.

D.    DEPOSITIONS.  Maximum of fifteen (15) depositions by Plaintiff and fifteen (15) depositions by Defendant.  Each deposition limited to a maximum of seven (7) hours unless extended by agreement of the Parties or for good cause shown.  Expert depositions shall be limited to seven (7) hours per expert.

Expert Disclosures:  Reports from retained experts under Rule 26(a)(2) shall be due:

(i)    from the Plaintiff by May 15, 2007, with said experts to be made available for deposition by June 15, 2007;

(ii)    from the Defendant by July 16, 2007, with said experts to be made available for deposition by August 16, 2007.

E.    Supplementations under Rule 26(e) due within thirty (30) days of receipt of information. A Party's failure to produce any expert's report by the aforementioned deadlines will be deemed as a decision not to present that expert's testimony at trial.

**IV.    Procedural Schedule.**

A. AMENDMENTS TO PLEADINGS.  Plaintiff may, without leave of court, freely amend her pleadings up until ninety (90) days before the discovery cutoff.  Defendant may, without leave of court, freely amend its pleadings up until sixty (60) days before the discovery cutoff. Any subsequent amendments to pleadings may occur consistent with the requirements set forth in the Federal Rules of Civil Procedure.

B. DISPOSITIVE MOTIONS.  Plaintiff proposes that all dispositive motions shall be filed no later than September 14, 2007.  Plaintiff proposes that responses to said motions shall be due by September 28, 2007, and any reply brief shall be filed no later than October 12, 2007.

**V.    Other Items.**

A. REGULAR STATUS CONFERENCES.  The Parties propose that the Court schedule regular status conferences every three (3) months to receive a Joint Status Report and take up any issues that may arise in the normal course of proceedings, including discovery disputes.

B. TRIAL DATE.  The case should be ready for trial by December 15, 2007, with the present estimated length of time for such a trial being four to five days.

C. SETTLEMENT CONFERENCE. The Parties have not yet explored the possibility of settlement, or alternative dispute resolution.  If any of the Parties believe the use of alternative

dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the court.

D. LISTS OF WITNESSES AND EXHIBITS. Pretrial disclosures of witnesses and proposed exhibits pursuant to Fed. R. Civ. P 26(a)(3) shall be simultaneously exchanged between Defendant and Plaintiff by November 9, 2007. The Parties shall have until November 26, 2007, to list objections under Rule 26(a)(3).


Respectfully submitted this 19th day of January, 2007, by:


/s/ Jonna M. Denson
Stephen D. Heninger
Jonna M. Denson
Attorneys for Plaintiff
HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, Alabama 35202
Telephone:    205.326.3336
Facsimile:    205.326.3332
E-mail:Steve@hgdlawfirm.com
[ASB5227E68S]


/s/ Brandy R. Owens
M. Christian King
Brandy R. Owens
Attorneys for Defendant
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
205.581.0700
205.581.0799