IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GRACE L MOORE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | CV-1144-MHT |
| ) | |
| CNA FOUNDATION, ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANT CONTINENTAL CASUALTY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Continental Casualty Company (hereinafter "Defendant" or "Continental Casualty Company) improperly identified in plaintiff's Complaint as CNA Foundation, submits this response in opposition to plaintiff's motion to remand. Defendants properly removed this action because it could have been filed in federal court in the first instance under 28 U.S.C. § 1332. More specifically, the Defendant is diverse from plaintiff, the amount in controversy exceeds $75,000, and no procedural defects exist. Therefore, plaintiff's motion to remand should be denied.

BACKGROUND

Plaintiff filed suit against Continental Casualty Company (improperly named in the Complaint as CNA Foundation) in Montgomery County, Alabama Circuit Court on November 17, 2006. Defendant was served with the summons and complaint by certified mail on November 27, 2006, and timely removed the case to this Court on December 27, 2006, based upon diversity jurisdiction. Plaintiff is a resident citizen of Alabama. Defendant Continental Casualty Company is now and was at the time of the filing of the complaint and at all times

intervening a citizen of Illinois, as it is an Illinois corporation with its principal place of business also located there.

Plaintiff alleges claims of outrage, fraud, misrepresentation, deceit, conspiracy, and intentional infliction of mental anguish arising out of Defendant's alleged refusal to pay workers' compensation benefits.

ARGUMENT

A.  **Complete Diversity of Citizenship Exists Between the Parties As the Direct Action Proviso of 28 U.S.C. § 1332 (c) Is Inapplicable To This Action**

Contrary to plaintiff's argument, Continental Casualty Company is not a citizen of Alabama within the meaning of 28 U.S.C. § 1332 (c)(1). Although it is the insurer of the plaintiff's employer, from whom plaintiff received a judgment for worker's compensation benefits after joint stipulation of the parties, the insured is not joined in this suit as a party-defendant and the insurer in this type of action does not take on the citizenship of the insured. Defendant is deemed only to be a citizen of the state of its incorporation and the state in which it has its principal place of business, Illinois.

This lawsuit is not a "direct action" as that term has been employed in 28 U.S.C.A. § 1332. The term "direct action" as used in 28 U.S.C.A. §1332(c)(1) contemplates cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining or first obtaining a judgment a judgment against the insured. Thus, a direct action does not exist unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured. See, Fortson v. St. Paul Fire and Marine Insurance Co., 751 F. 2d 1157, 1159 (11th Cir. 1985); see also, Rosa v. Allstate Ins. Co., 981 F. 2d 669 (2d Cir. 1992); McGlinchey v. Hartford Acc. And Indem. Co., 866 F. 2d 651 (3d Cir. 1989); Beckham v. Safeco

2

Ins. Co. of America, 691 F. 2d 898 (9th Cir. 1982). "It is the cause of action asserted against the defendant insurer, not the relationship of the insurer to the insured, that determines the applicability of the section 1332 "direct action" proviso." Fortson v. St. Paul Fire and Marine Insurance Co, 751 F. 2d at 1159. A general rule is that the proviso to diversity jurisdiction statute establishing corporation's citizenship to include state of which insured was citizen in "direct action" does not affect suits against insurer based on its independent wrongs, i.e., such as actions brought against insurer either by insured for failure to pay policy benefits or by any injured third party for insurer's failure to settle within policy limits or in good faith. Rosa v. Allstate Ins. Co., 981 F. 2d 669 (2d Cir. 1992). Congress intended the word "direct" to limit the word "action" so that its impact would be narrowed to those situations in which the injured party is permitted to sue, directly and without joinder of the insured tortfeasor, the tortfeasor's liability insurer without first obtaining judgment against the tortfeasor himself. Lank v. Federal Ins. Co., 309 F. Supp. 349, 351 (D. Del. 1970). The statute was not intended to encompass "any action" against an insurer. Id.

Furthermore, Congress did not have workers' compensation suits in mind when it enacted the direct action proviso. The legislative history of 28 U.S.C. § 1332(c) indicates that Congress was concerned with the large volume of diversity litigation in Louisiana and Wisconsin which permitted direct actions by injured persons against liability insurance carriers of tortfeasors without joining the insured as a party defendant. U.S. Congressional & Administrative News, 1964, pp. 2778 et seq. Specifically, Congress added the proviso to § 1332 (c) in 1964 in response to the sharp increase in the caseload of Federal District Courts in Louisiana resulting largely from that State's adoption of a direct action statute. The Louisiana statute permitted an injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as a defendant.

3

Its effect was to create diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another State.

As a general rule, for the purpose of determining diversity of citizenship in a direct action against an insurer of a policy or contract of liability insurance, to which action the insured is not joined as a party defendant, the insurer, for purposes of diversity jurisdiction is deemed a citizen of: (1) the state of which the insured is a citizen, (2) any state by which the insurer has been incorporated, and (3) the state where the insurer has its principal place of business. 28 U.S.C.A. § 1332(c)(1). Thus, under this general proviso, diversity jurisdiction cannot be established between a plaintiff worker and a defendant insurer, where both the worker and the insured employer are citizens of the same state, even though the insured is incorporated and has its principal place of business in a different state. But this statutory provision does not act to destroy all diversity jurisdiction in claims arising against insurance companies as evidenced by the statutory <u>exception</u> to this general rule. Federal statute 28 U.S.C.A. § 1332(c), governing the citizenship of an insurer in a direct action against the insurer is not applicable to actions and thus the insured employer's citizenship is of <u>no consequence</u> where the gravamen of the plaintiff's complaint concerns conduct of the <u>insurer</u> and not the insured and monetary relief is sought for insurer's alleged wrongful termination of voluntary worker's compensation payments and involves no unlawful acts alleged to have been committed by employer, i.e., the insured. <u>Carpentino v. Tranport Ins. Co.</u>, 609 F. Supp. 556, 558-59 (D.C. Conn. 1985). Therefore, the insurer's liability is grounded on its own conduct and not the insured's conduct. <u>Id</u>. at 559. Since a complaint alleging that the insurer acted tortiously and in bad faith by terminating plaintiffs' compensation benefits contrary to procedures mandated by the state Workers' Compensation Act

does not implicate the employer or 28 U.S.C.A. § 1332(c) the employer's citizenship should be disregarded for citizenship purposes. Id. at 559. This is clearly the case at bar. Specifically plaintiff alleged in her Complaint, ". . . despite knowing of their lifetime obligation to provide and pay for all reasonable and necessary care for these problems, Defendants have engaged in outrageous conduct by refusing to authorize and pay for necessary and reasonable medical treatment for Plaintiff. Defendants have engaged in this course of conduct in flagrant and knowing violation of their legal obligation..." See Complaint at ¶ 2. Plaintiff further alleges, "Defendants have acted in an intentional and/or reckless misconduct of an outrageous character and in violation of their known legal obligations to provide and pay for Plaintiff's reasonable and necessary medical care." Id. at ¶ 3. Plaintiff further avers "Defendants fraudulently and deceitfully engaged in a scheme to avoid their contractual obligations owed to Plaintiff to provide medical benefits for her work injury." Id. at ¶ 4. This is clearly a cause of action against the insurer related to payment of workers' compensation benefits without any allegations of misconduct by the insured. Plaintiff did not make a single allegation in the Complaint against the insured, Coastal Industries, Inc. In fact, plaintiff's only mention of Coastal Industries, Inc. was to simply name the entity as plaintiff's employer at the time that she suffered the on-the-job and work related injury. To disregard the insurer's position as the real party in interest and look instead to the nominal party's (the insured's) citizenship, would be constitutionally unsound as an inappropriate restriction of federal jurisdiction. Therefore, § 1332 does not operate to divest this Court of diversity jurisdiction.

The courts in the following cases held that the proviso to 28 U.S.C.A. § 1332(c)(1), under which a liability insurer is deemed to have the same citizenship as its insured if the insurer is sued in a direct action and its insured is not also named as a defendant, did not apply to actions

5

brought by individuals directly against workers' compensation insurers alleging misconduct by the insurer.

In a Second Circuit case, the court in <u>Carpentino v. Transport Insurance Company</u>, 609 F. Supp. 556, held that the proviso to 28 U.S.C.A. § 1332(c)(1), pursuant to which a liability insurer is deemed to have the same citizenship as its insured if the insurer is sued in a direct action and its insured is not also named as a defendant, did not apply to an action to force a worker's compensation insurer to continue paying benefits because the action was not a "direct action" as that term was used in the proviso. <u>Id</u>. at 558. The court was satisfied that the proviso did not apply because the insurer's liability was grounded on its own conduct and not upon that of the employer. <u>Id</u>. at 559. This case is analogous to the case at bar and the court should apply the same rationale as plaintiff's Complaint solely concerns the alleged conduct of Continental Casualty Company and not that of the insured in this action involving workers' compensation benefits.

Denying the plaintiff's motion to remand her suit against a worker's compensation insurer seeking damages for the negligence of the defendant insurer in handling the claim, breach of the insurer's duty of faith and fair dealing and breach of provisions of the Texas Worker's Compensation Act, the court in <u>Sharp v. CNA Lloyds</u>, 1992 US Dist LEXIS 21143 (S.D. Tex 1992) a Fifth Circuit case, held that the proviso to 28 U.S.C.A. § 1332 (c)(1), under which a liability insurer is deemed to have the same citizenship as its insured if the insurer is sued in a direct action and its insured is not also named as a defendant, did not apply to the action. The court stated that, in suits where the employee sues a workers' compensation insurer only for breaches by the insurer of common-law duties, there is no basis for liability to be imposed against the insured plaintiff's employer for such breaches and, therefore, the proviso to 28

U.S.C.A. § 1332 (c)(1) does not apply to such an action. Id. The citizenship of the insured should not be imputed to Defendant for diversity jurisdiction purposes. Thus, there is complete diversity of citizenship as the plaintiff is a citizen of Alabama and Defendant is a citizen of Illinois.

**B.     Amount in Controversy Exceeds the Jurisdictional Minimum**

Finally, with respect to the amount in controversy, plaintiff did not limit the damages sought in the complaint as she could have done under Burns v. Windsor, 31 F.3d 1092 (11th Cir. 1994). Likewise, plaintiff has not submitted any statements to the Court that she does not intend to seek or will not accept an award in excess of the jurisdictional limit. See e.g., Taylor v. Campbell, 852 F.Supp. 978, 979-80 (M.D. Ala. 1994). In fact, nowhere in her motion to remand does plaintiff contend that an amount in excess of $75,000.00 is not in controversy.

The law is clear that the value of all claims alleged by a plaintiff can be added together to determine whether the requisite jurisdictional minimum exists. See, e.g., Bullard v. City of Cisco, Tex., 290 U.S. 179 (1933); Pipes v. Am. Sec. Ins. Co., 1996 WL 928197, at *1 (N.D. Ala. Feb. 29, 1996). In this case, plaintiff sued Continental Casualty Company for outrage, fraud, misrepresentation, deceit, conspiracy, and intentional infliction of mental anguish relating to Defendant's alleged refusal to pay necessary and reasonable medical expenses under a workers' compensation claim. See Complaint ¶ 2, 3, 4, 5, 6. As a result, plaintiff claims to have suffered, among other things, severe physical pain and severe mental anguish and emotional distress. Id. Plaintiff seeks to recover both compensatory and punitive damages. Plaintiff's claims and request for relief should be considered in the aggregate when determining whether the amount in controversy exceeds $75,000.

The amount in controversy requirement is also met because plaintiff seeks to recover punitive damages for emotional distress and mental anguish. See Complaint. Alabama law has fixed no standard for ascertaining adequate damages for mental anguish; the determination of how much to award is left to the jury's discretion. See New Plan Realty Trust v. Morgan, 792 So. 2d 351 (Ala. 2000). In addition, plaintiff's claims for punitive damages must be considered in any calculation of the amount in controversy, unless it is apparent that they cannot be recovered. See Holley Equipment Co. v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages *must* be considered, unless it is apparent to a legal certainty that such cannot be recovered.")(citations omitted).

In the present case, plaintiff seeks an unspecified and unlimited amount of compensatory damages, including damages for mental anguish, and punitive damages under multiple claims. The issue is not whether plaintiff will, to a legal certainty, recover an amount greater than $75,000.00. The issue is whether given the nature of plaintiff's claims and the damages sought in the Complaint, the Court may conclude that there is a reasonable possibility that plaintiff may recover such damages, which places those damages "in controversy." The foregoing strongly support the conclusion that more than $75,000 is in controversy in this case.

## CONCLUSION

There is complete diversity of citizenship between the plaintiff and the Defendant, and the amount in controversy exceeds the jurisdictional minimum. Accordingly, this Court may exercise subject matter jurisdiction over this action under 28 U.S.C. § 1332 and plaintiff's motion to remand should be denied.

**WHEREFORE**, Defendant Continental Casualty Company respectfully requests that this Court deny plaintiff's motion to remand.

                                                 /s/ Brandy R. Owens
                                            One of the Attorneys for Defendant
                                            Continental Casualty Company

OF COUNSEL:
M. Christian King (KIN017)
Brandy R. Owens (OWE033)
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (facsimile)

## **CERTIFICATE OF SERVICE**

This is to certify that on this 19th day of January, 2007, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Middle District of Alabama using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Stephen D. Heninger, Esq.
Jonna M. Denson, Esq.
HENINGER GARRISON DAVIS, LLC
Post Office Box 11310
Birmingham, Alabama 35202


                                                /s/ Brandy R. Owens
                                                Of Counsel