IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
GRACE L. MOORE,              )
                             )
    Plaintiff                )
                             )    CIVIL ACTION NO.
    v.                       )    2:06cv1144-MHT
                             )        (WO)
CNA FOUNDATION,              )
                             )
    Defendant.               )
```

OPINION AND ORDER

This lawsuit, which was removed from state court to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff Grace L. Moore's motion to remand. Moore contends that removal is improper because there is not true diversity of citizenship, because the amount in controversy is insufficient to confer federal jurisdiction, and because the state court retains jurisdiction over a judgment that is related to this

litigation.  For the reasons that follow, the court concludes that Moore's motion should be granted.

## I. BACKGROUND

In 1986, Moore was involved in a work-related injury while employed by Coastal Industries, Inc.  Moore filed a workers' compensation suit against Coastal Industries in state court, and, on December 16, 1987, that action was terminated pursuant to a settlement agreement whereby Moore would receive lifetime medical benefits to treat her injury.

Moore filed this action in the Circuit Court of Montgomery County, Alabama, on November 17, 2006.  She names Continental Casualty Company, which is Coastal Industries's workers' compensation insurer, as the sole defendant.  (Continental Casualty is improperly identified in Moore's complaint as CNA Foundation). Moore alleges that Continental Casualty committed various torts in connection with its obligation to provide her

with medical benefits pursuant to her workers' compensation settlement. Specifically, Moore alleges the common-law torts of outrage; fraud, misrepresentation, and deceit; civil conspiracy; and intentional infliction of mental anguish. Continental Casualty removed this case to federal court, and Moore now moves to remand.

## II. REMOVAL-AND-REMAND STANDARD

A civil action brought in state court may be removed by the defendant or the defendants to federal court if it could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Typically, removal is premised either on federal-question jurisdiction or diversity-of-citizenship jurisdiction. Federal-question jurisdiction exists when the civil action arises under the Constitution, laws, treaties of the United States. 28 U.S.C. § 1331. Diversity-of-citizenship jurisdiction exists when the amount in controversy exceeds $ 75,000,

exclusive of interest and costs, and the parties are citizens of different States.  28 U.S.C. § 1332(a).

The party seeking removal has the burden of establishing jurisdiction.  <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."  <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted); <u>see also</u> <u>Miedema v. Maytag Corp.</u>, 450 F.3d 1322, 1328 (11th Cir. 2006).


### III. DISCUSSION

In her motion to remand, Moore argues that federal jurisdiction is improper for three independent reasons.  First, she argues that the diversity requirement of § 1332 is not met.  Second, she argues that the amount-in-controversy requirement of $ 75,000 is not met.

Third, she argues that the state court has jurisdiction over this case because it is related to the 1987 state-court judgment on her workers' compensation claim.

This court concludes that the diversity requirement is met but that the amount-in-controversy requirement is not.  Because the court remands based on Continental Casualty's failure to meet the amount-in-controversy requirement, it is unnecessary for the court to determine whether remand is also necessary based on the connection between this action and the 1987 state-court judgment.

A. Diversity of Citizenship

Section 1332 requires 'complete diversity,' which means that no party on one side of the suit can be from the same State as any party on the other side. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). Although it is undisputed that Moore is a citizen of Alabama and Continental Casualty is a citizen of Illinois, Moore contends that complete diversity is

defeated because Continental Casualty is the insurer of her employer Coastal Industries, which is, like Moore, a citizen of Alabama.

As Moore notes, Congress has added the following proviso to § 1332's complete diversity rule: "[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen...." 28 U.S.C. § 1332(c)(1). By adding this "direct action" clause to § 1332, Congress intended to exclude from federal jurisdiction those cases where state law allowed injured parties to file claims directly against an in-state tortfeasor's out-of-state insurer without joining the in-state tortfeasor as a defendant in the suit. Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 9 (1989); Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985).

The term "direct action," however, does not cover every suit where an insurer is sued by an injured party. The statute is limited to suits where "there is a claim held by a third party against an insured ... that is identical to the one asserted against the insurance company ...; it does not affect suits against the insurer based on its independent wrongs."  15 James Wm. Moore, Moore's Federal Practice § 102.58[2] (3d ed. 2006). "Unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action."  Fortson, 751 F.2d at 1159.  For example, "where the suit ... is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction."  Id.

In this case, Moore has filed suit directly against her employer's insurer and has not joined her employer,

the insured, as a defendant in the suit. Therefore, Moore argues, this action fits within the "direct action" proviso of § 1332(c)(1). If Moore is correct, this would defeat diversity jurisdiction and require remand to state court.

This court concludes, however, that Moore's suit is not a "direct action" within the meaning of § 1332(c)(1). Moore's complaint alleges, among other things, that Continental Casualty has "refus[ed] to authorize and pay for necessary and reasonable medical treatment ... in an effort to cause suffering and mental anguish on the part of Plaintiff so she might settle her future medical benefits" and "in the hopes that this would so frustrate and affect the Plaintiff's physical and emotional status, that she would enter into a settlement for her future medical benefits." Compl. at 1-2. The complaint therefore alleges "independent wrongs" by the insurer, see Moore, supra, similar to an "insurer's failure to settle within policy limits or in good faith," Fortson,

751 F.2d at 1159. This is not a suit for a declaration of liability on the underlying tort itself; it is a suit against the tortfeasor's insurer for that insurer's own tortious conduct in carrying out its obligations under the insurance policy and the workers' compensation statute. Accordingly, this case meets the diversity-of-citizenship requirement of § 1332, and remand is not warranted on the basis of § 1332(c)(1).[*]

## B. Amount in Controversy

In addition to diversity-of-citizenship, § 1332 requires that the amount in controversy exceed $ 75,000. Where the plaintiff does not specifically allege an amount in controversy or the total amount in damages

---

[*] Although neither party raises the issue, it is also worth noting that this is not a suit "arising under" Alabama's workers' compensation laws. 28 U.S.C. § 1445(c) disallows removal of any civil action arising under a State's workers' compensation laws. However, it is appears that a common-law cause of action related to a workers' compensation claim is not affected by § 1445(c). Patin v. Allied Signal, Inc., 77 F.3d 782 (5th Cir. 1996).

9

demanded, the removing defendant must prove the amount in controversy by a preponderance of the evidence. <u>Leonard v. Enterprise Rent A Car</u>, 279 F.3d 967, 972 (11th Cir. 2002). Removal is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional requirement. <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties. <u>Id</u>. However, a mere "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." <u>Id</u>. at 1319-20.

In this case, Moore did not specify in her complaint an amount in controversy or how much she was seeking in damages. Nor is it "facially apparent" from her complaint that the jurisdictional requirement of $ 75,000

10

is satisfied.  Moore has alleged four common-law claims, but her complaint is nowhere near specific enough as to the duration, extent, severity, or kind of harms alleged such that this court could hazard a reliable estimate as to the value of such claims, were she to prevail. Therefore, this court looks to the notice of removal and any evidence submitted by the parties to determine whether Continental Casualty has met its burden of proving the jurisdictional amount by a preponderance of the evidence.

The court concludes that Continental Casualty has not met its burden.  First, Continental Casualty cites several 'representative cases' where Alabama courts authorized a damage award greater than $ 75,000.  The court has reviewed those cases and concludes that they are so factually and legally distinguishable from this case that it is impossible to draw any reasonable conclusions from them.  See <u>Alexander v. Captain D's, LLC</u>, 437 F.Supp.2d 1320, 1322 (M.D. Ala. 2006)

(Thompson, J.).  Second, Continental Casualty argues that the jurisdictional requirement is met because Moore has requested punitive damages.  But this argument begs the question of what those punitive damages are likely to be--a question that Continental Casualty bears the burden of answering.  Third, Continental Casualty notes that Moore never states that she is <u>not</u> seeking an amount greater than $ 75,000.  But, as already stated, the burden of proving federal jurisdiction is Continental Casualty's, not Moore's.

Notably, nowhere does Continental Casualty discuss specific facts or point to specific evidence in <u>this</u> case that indicates the value of Moore's claims.  The court cannot simply take Continental Casualty at its word that the amount in controversy exceeds $ 75,000.  To accept "conclusory allegation[s]," <u>Williams</u>, 269 F.3d at 1319, would overstep this court's jurisdictional authority and disrupt the federalism and comity concerns inherent in 28 U.S.C. § 1441.

One remaining question is whether the court should hold an evidentiary hearing to make findings of fact as to the amount in controversy in this case. In <u>Williams v. Best Buy Co.</u>, the Eleventh Circuit Court of Appeals held that in cases where the notice of removal asserts the jurisdictional amount and the plaintiff does not challenge the assertion in district court, the district court should hold an evidentiary hearing if the amount in controversy cannot be clearly determined by a review of the existent record. 269 F.3d at 1321. In this case, by contrast, Moore <u>has</u> challenged Continental Casualty's assertion, providing Continental Casualty with sufficient opportunity and motive to prove the jurisdictional requirement with specific facts and evidence. Continental Casualty has not done so, and it must now live with the consequence--proceeding with this case in state, not federal, court.

* * *

Because Continental Casualty has failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $ 75,000, the court finds it unnecessary to examine Moore's third argument for remand, that the state court has jurisdiction over this matter because it is an action on the 1987 judgment in her workers' compensation case.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Grace L. Moore's motion to remand (doc. no. 4) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama, for want of subject-matter jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 23rd day of January, 2007.

                                           /s/ Myron H. Thompson
                                       UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

    Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).